The next case for argument, United States v. Kareem Davis Good morning, your honors. My name is Richard Rosenberg and I am here on behalf of Kareem Davis. Your honors, our attack on this underlying conviction rests on several different theories. At the outset, it is our contention that despite the great burden that we have and the standard of proof as far as insufficiency goes, the evidence that was presented in this case clearly, as the record indicates, was insufficient as a matter of law. It's insufficient to connect Kareem Davis with the enterprise called the Killbrook Gang in the Millbrook houses, if that enterprise in fact existed, and assuming that it did. There's no evidence that Kareem Davis agreed or participated in any crimes for the benefit or in relation to maintaining or increasing his position or furthering the goals of that particular enterprise. The government relied on three predicate acts to show a pattern, and each of those predicate acts failed in their sufficiency. They pointed to drug sales. Let me just jump in for a second. Beyond those specific acts, I mean, they did present evidence of various activities that he allegedly participated in with other members of this, of Killbrook. Correct Your Honor, but there was no evidence that those acts that he participated in were in furtherance or in relation to that enterprise's goals or for the benefit of that enterprise. Wasn't Mr. Colon a rival? Well, that's somewhat unclear that he had certainly no rank in that down-the-block gang, the MBG gang. Rank or not, he was a member of that gang, and that gang was competing with this gang, the Killbrook Gang, for territory and drug sales. But as far as Kareem Davis goes, Kareem Davis sold drugs with Colon. He sold drugs in Colon if Colon belonged to that MBG gang. He sold drugs on their territory. He might have had arrangements of one sort or another, but he ended up shooting and didn't hit the victim, didn't hit Colon, but hit Colon's girlfriend. And that itself seems to me in furtherance of Killbrook. If Your Honor, please, the – It's myself. There was – Apart from what his brother testified to. We also challenged the sufficiency on that as well, Your Honor. That testimony or that conviction that he participated in that murder, that he shot and killed that victim, is based on the accomplice, his brother, who for eight years never implicated his brother in that. You know the law here on that. Accomplice testimony alone is sufficient. It doesn't have to be corroborated. Understood, but it also has to be not incredible on its face. And that testimony of the other witnesses, including Mr. Rodriguez, who testified that Kareem Davis on a casual drive-by stopped his car and admitted or told Rodriguez that he was, in fact, the one who shot Olivia, but that Gary shot first contradicts the evidence of Gary Davis. Rodriguez's testimony that he used a .32 is contradicted by the evidence that a .22 caliber was used that caused the fatal shot. And who shot first, according to the statement, Rodriguez's testimony, Kareem said it was his brother who shot first. We're not a jury. Well, I'm – yes, Judge Walker, yes. And what I'm saying is that – We're not a jury. Well, understood, Judge. But what we're trying to point out is that on its face and as a matter of law, this testimony was not believable and it was not – it was incredible on its face. And that goes – brings up the other point about Laverne's sister – rather, Olivia's sister. Laverne testified to a prior consistent statement, which we also pointed out. You know, grief should not have been admitted. Can I ask you just – I'm scared you're going to lose your time. Judge Walker, yes. There's a question I'm struggling with. I think I understand most of your arguments. There's this argument about the time period during which we have evidence of predicate acts. Yes. And I'm trying to – at first it almost sounded like a statute of limitations argument, but then, no, it's not a statute of limitations argument. I was trying to understand, is this – are you saying that there's insufficient evidence of a racketeering enterprise because the duration of the period of predicate acts is too short? What we're saying is that there's no evidence, credible evidence, that the enterprise was continuing within five years of the indictment that was returned. And how does that – how does that fit into – The only evidence, I believe, Your Honor, that the government proffered, and I think they were kind of desperate at this point, is they brought out – Rodriguez. Well, not just Rodriguez. Rodriguez was in jail in 2012. Gary Davis was in jail in 2011. Kareem Davis was in jail in 2012. The only evidence that any – that the gang persisted or was still informed past 2012 was Gary Davis' identifying photographs of Kareem with others, and he concludes the reform, said, well, these are – each of these are members of the gang. Right. No, I understand the evidentiary argument. What I'm struggling with a little bit is understanding the legal significance. So how does – how does that evidentiary argument fit into the elements of which count? Do they – why do I care that that's the evidence? Well, we do – we are saying that the – it goes to the sufficiency argument that it should have been considered. Sufficiency of what? Of what? We make the plain error argument that the statute of limitations was expired. It is a statute of limitations argument. That, as well as saying that overall that the time period was not proven and that it undermined the sufficiency of the evidence. So I'm sorry to be dense. When we talk about sufficiency of the evidence, we usually have a set of elements that we're trying to prove, and you say, oh, this particular element, there's insufficient evidence. I'm trying to understand – The predicate acts. What's the element that the time period of the predicate acts or the – what's the element that that goes to other than your statute of limitations argument, which I guess you are making? The predicate acts. Two predicate acts were committed within the time period of the indictment, so maybe it is a statute. Okay. Thank you. And I want to get to 924C, and I just want to point out that one of the cases in our reply brief and in the main brief, the Begay case that we cited in support of the proposition that reckless – reckless cannot be – or reckless murder cannot be a crime of violence was reversed in the Ninth Circuit. And, however, there is a Tenth Circuit case that records it, of course, Borton case. And so the argument that we proffer is that the categorical approach applied – should apply categorically. 125.25 does contain that reckless component in subsection 2. And the case law that we cited should, in fact, establish that the categorical approach that one – And what about the Pastore case? Well, that Pastore case had to do with the Tenth. And that case, I believe, is abrogated by Taylor, which held that the attempted Hobbs Act cannot – does not qualify. And so I think Pastore was – is abrogated by Taylor. The case – that case involved a Tenth. I noticed, too, that that case is an application for reconsideration on bank before this court. And we think the approach should have been and should be the categorical approach, as this court and the Supreme Court has so held, that the categorical approach applies, not the modified approach. And under the categorical approach – Oh, go ahead. You said it could entail actions or attempt – actions that are not intended to cause injury against a person. So I'm – the categorical versus modified categorical, it seems to me – and tell me if I'm misunderstanding – that there are two different levels at which we need to assess that. One is at the question of vicar, murderer, native of racketeering. Is that a divisible crime such that we can apply the modified categorical approach? Which I think Pastore does address that, even if it's not good on other grounds. But then the next level, as I understand it, is we have to look at the New York statute and ask whether it's divisible for the purpose of – And I'm wondering whether your position is that it's not divisible or whether you continue to maintain that we shouldn't be looking at the New York statute at all. We take the position that it's indivisible. Your Honor, it's that it just creates different means of committing the same crime and that it should be considered indivisible. And as such, therefore, the proper approach would be to take that categorical approach and the reckless aspect. And, in fact, in the charge under 1111A of the code, to count three, Judge Schofield did charge recklessness or malice of forethought. And I recognize that there are cases that have held that malice of forethought does qualify. Recklessness with malice of forethought does qualify as a crime of violence. However, we feel that that's not a settled question in this circuit. And certainly that under those circumstances, we should indeed consider this on the categorical basis. I think – Okay. Yes, we have some rebuttal. Thank you. Thank you. Thank you. Good morning. May it please the court, my name is Jordan Estes and I represent the United States and I also represented the United States below. This court should affirm the judgment below for many reasons, but I just want to make a few points here. First, as to the sufficiency arguments, Judge Walker, as you pointed out, these are really arguments for a jury. They were made to a jury below and there was ample evidence here to support the jury's verdict on every count. In particular, as to the racketeering conspiracy, there were three cooperating witnesses who testified about the Kilberg gang, how they operated in the Millbrook houses in the Bronx. As far as I'm concerned, I don't know about my colleagues, but I'd be interested more in the 924 argument. Yes, Your Honor, I am happy to turn to that now, unless there are any other questions on sufficiency. All right, so as to the 924C argument, this court does not need to reach whether a murder committed with extreme recklessness or depraved heart indifference is a crime of violence, because the modified categorical approach does apply here and that's clear under the decision in United States v. Pastore. So United States v. Pastore applies – this is this two-level question I was asking your colleague. It tells us that the modified categorical, we can sort of pull out murder and aid of racketeering from the rest of the Vicar statute. Have we ever held then, when applying that, do we have any precedential decisions that say, looking at New York 125.25, that that is in fact divisible and we apply the modified categorical approach at that level? Your Honor, the Stone case recently, this summer, did address intentional murder and whether it was a crime of violence under New York law. And I believe in that case, because they are saying intentional murder is a crime of violence, they did not consider the extreme recklessness point. Are you stacking the deck when you say intentional murder? In other words, the statute has an intentional, it talks about recklessness, it talks about all of them. And by saying intentional murder is a crime of violence, that seems self-evident given the issues that we're facing. And I guess the question is, can we carve off intentional murder? Is that a divisible part of the statute? And I take it your position is that it is. Yes, Your Honor. Our position is the statute is very clearly divisible. In fact, in our indictment, we charged both intentional murder and extreme recklessness. But by the time we got to the jury instructions, we only instructed on intentional murder. So then my question is, assuming that that makes sense, have we ever held that? Is there a case that the Second Circuit has said, yes, 125.25 is clearly divisible. There are different subsections and we can charge them or we can review them in a modified categorical approach. I'm not aware of one on the top of my head, but I'm happy to submit further briefing on that if the court would like. Thank you. Unless there are any other questions on that point, we would respectfully request that the court affirm the judgment below. Thank you. As I'm sure the court is aware, the Stone case, there is a petition. It mostly dealt with whether an act of omission or non-action leading to a reckless murder can be a crime of violence. And it did not address, Judge Robinson, the question that you asked my colleague. So this is an evolving part of the law and admittedly. But it's clear that 125.25 does in fact include reckless conduct. And if we look at the – But you only can prevail if it's indivisible. I'm sorry, Judge. You can only prevail if it's indivisible, correct? Yes, Judge. If it's divisible, then we can use a modified categorical approach to determine whether intentional murder was reckless. Yes, Judge. And I note, too, that murder is not – the Vicar murder doesn't really – is indivisible. It just states murder doesn't describe any – What is your – do you have a – I'm sorry. I'm sorry, Judge. 125.25 is what we're looking at. Yes. Right. And I just – to follow up on that, I was just going to say, what is your argument for the idea that the New York statute – murder statute specifically is divisible? Or excuse me, indivisible. Well, our position is that it describes different means to commit the same crime and not separate distinct offenses. Thank you. All right. Thank you. Thank you both. We'll take it under advisement.